ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                              )
                                          )
Haakenson Electric Company                )        ASBCA No.  62606
                                          )
Under Contract No.  W911KB-18-C-0010      )

APPEARANCES FOR THE APPELLANT:        Raymond H. Royce III, Esq.
                                      Taylor B. McMahon, Esq.
                                        Royce & Brain
                                        Anchorage, AK

APPEARANCES FOR THE GOVERNMENT:       Michael P. Goodman, Esq.
                                        Engineer Chief Trial Attorney
                                      Carl F. Olson, Esq.
                                        Engineer Trial Attorney
                                        U.S. Army Engineer District, Alaska

OPINION BY ADMINISTRATIVE JUDGE SWEET

On August 20, 2020, the government filed a motion to dismiss, arguing that we do not possess jurisdiction over this appeal because it involves a direct subcontractor claim, and is untimely.  Appellant Haakenson Electric Company (Haakenson or subcontractor) responds that the appeal involves a pass-through claim, and is timely because appellant provided a timely, albeit misdirected, notice of appeal to the contracting officer (CO).  As discussed in greater detail below, we do not decide whether this is a pass-through claim because, even assuming that it is, the appeal is untimely.[1]

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1.  On April 16, 2018, the Army Corps of Engineers (government) entered into Contract No. W911KB-18-C-0010 (0010 Contract) with ASRC Builders LLC (ASRC or prime contractor) to renovate an Aircraft Maintenance Unit and weather shelter (R4, tab 3 at 25-26).

2.  The prime contractor entered into a subcontract with Haakenson (app. resp. ex. B).

---

[1]  We do not address appellant's request that we re-caption this appeal to include the prime contractor's name because we do not decide whether this appeal involves a pass-through claim.

3.  On January 29, 2020, the prime contractor submitted a claim to the CO on behalf of itself and the subcontractor (R4, tab 8 at 60-61).  The prime contractor's project manager signed the claim (*id*. at 60).

4.  On April 14, 2020, the CO issued a final decision (COFD) denying the claim (R4, tab 2 at 3, 16-21).  The prime contractor received the COFD on April 14, 2020 (R4, tab 9 at 174).

5.  On May 29, 2020—less than 90 days after receiving the COFD—the prime contractor's quality control manager emailed the government, requesting help finding a copy of the COFD on a file sharing system, stating that "[o]ur electrical subcontractor intends to appeal this decision" (app. resp., Chamberlain aff., ex. 1).  There is no evidence that either the prime contractor or the subcontractor authorized the prime contractor's quality control manager to pursue an appeal.

6.  On July 14, 2020—91 days after the prime contractor received the COFD—Raymond Royce of the Law Offices of Royce & Brain filed a notice of appeal with the Board.[2]

DECISION

Although we entertain serious doubts that this appeal constitutes a legitimate pass-through claim because (notwithstanding appellant's attempt to implicitly re-caption the case) it was not brought in the name of the prime contractor, we will decide this motion on the simpler matter of timeliness, finding that we do not possess jurisdiction because the appeal was brought too late.  Under the Contract Disputes Act, 41 U.S.C. § 7104(a), we only possess jurisdiction over an appeal if a contractor files the appeal within 90 days of its receipt of the COFD.  *Cosmic Constr. Co. v. United States*, 697 F.2d 1389, 1390-91 (Fed. Cir. 1982); *Anaconda Constr. Co.*, ASBCA No. 60905, 17-1 BCA ¶ 36,789 at 179,315.  Because the 90 day deadline is part of a statute waiving sovereign immunity, it must be strictly construed, and may not be waived.  *Cosmic Constr.*, 697 F.2d at 1390-91.  Thus, even if an appellant files an appeal 91 days after its receipt of the COFD, we do not possess jurisdiction over that appeal.  *Quimba Software, Inc.*, ASBCA No. 57636, 12-1 BCA ¶ 34,910 at 171,652.

A misdirected appeal filed with the CO instead of the Board may satisfy the timely notice of appeal requirement.  *Afghan Active Grp.*, ASBCA No. 60387, 16-1 BCA ¶ 36,349 at 177,211.  However, a person authorized to file an appeal must file any notice of appeal.  *Garrison Engineers Constr., Inc.*, ASBCA Nos. 29015, 29536, 85-1 BCA

---

[2]  The notice of appeal was captioned as being brought by Haakenson Electric Company, the subcontractor.  Appellant has subsequently captioned its submissions to the Board as being brought by ASRC, without requesting us to re-caption it.

¶ 17,731; *Universal Programming & Sys., Inc.*, ASBCA No. 15155, 71-1 BCA ¶ 8,900; Board Rule 1(b). The burden of establishing the Board's jurisdiction over an appeal arising from the denial of a contractor claim is on the appellant. *JWK Int'l Corp.*, 04-1 BCA ¶ 32,561 at 161,057.

Here, appellant has failed to meet its burden of establishing that it filed a timely appeal. Appellant did not file the July 14, 2020 notice of appeal with the Board until 91 days after the prime contractor's receipt of the COFD on April 14, 2020. (SOF ¶¶ 4, 6) Therefore, the July 14, 2020 notice of appeal was untimely, and does not establish our jurisdiction. *Quimba*, 12-1 BCA ¶ 34,910, at 171,652.

Instead of relying upon the July 14, 2020 notice of appeal, appellant argues that the May 29, 2020 email from the prime contractor's quality control manager was a timely, albeit misdirected, notice of appeal. (App. resp. 2-3) However, by its own terms, that email appears to have been a request for help finding a document (the COFD) so that the subcontractor could pursue the appeal, not a notification of the appeal by that quality control manager on behalf of the prime contractor. Moreover, appellant has failed to show that either the prime contractor or the subcontractor authorized the prime contractor's quality control manager to pursue an appeal (SOF ¶ 5). On the contrary, the fact that someone from the prime contractor besides the quality control manager signed the claim (SOF ¶¶ 3, 5), suggests that the quality control manager lacked such authority (which is consistent with the apparent goal of the email – document gathering). Because appellant has failed to show that a person authorized to file an appeal submitted the May 29, 2020 email, that email does not constitute an authorized notice of appeal sufficient to establish our jurisdiction, even if that email could constitute a misdirected notice of appeal—which we seriously doubt. *Garrison*, 85-1 BCA ¶ 17,731; *Universal Programming*, 71-1 BCA ¶ 8,900.

<u>CONCLUSION</u>

We do not possess jurisdiction because appellant failed to file a timely notice of appeal. Therefore, we grant the government's motion to dismiss, and dismiss this appeal with prejudice.

Dated: December 7, 2020

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

3

I concur                                           I concur

RICHARD SHACKLEFORD             J. REID PROUTY
Administrative Judge                   Administrative Judge
Acting Chairman                       Vice Chairman
Armed Services Board              Armed Services Board
of Contract Appeals                 of Contract Appeals

        I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62606, Appeal of Haakenson Electric Company, rendered in conformance with the Board's Charter.

        Dated:  December 8, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals